UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

LUIS A. DEL MAZO, JR, TRUSTEE,
RICHMOND COMMUNITY TRUST,

       Plaintiff,

vs.

Case No. 16-CV-00032
HON. GEORGE CARAM STEEH*

COUNTRYWIDE HOME LOANS, INC,
THE BANK OF NEW YORK MELLON,
ET AL.,

       Defendants.
_____/

ORDER ACCEPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

      Plaintiff Luis A. Del Mazo, Jr. brought his complaint alleging that he is the current owner of a piece of real estate which has been wrongfully foreclosed upon by defendants. The matter is before the court on defendants' motion for judgment on the pleadings [doc. 26] and plaintiff's motion to set aside foreclosure [doc. 37]. The motions were referred to the magistrate judge for report and recommendation. On June 21, 2017, Magistrate Judge Frensley issued his report and recommendation recommending that defendants' motion be granted because plaintiff failed to demonstrate that he suffered an injury in fact, and therefore lacked Constitutional standing. The magistrate judge also rejected plaintiff's contention that he could establish standing as a third-party beneficiary, "given that the Borrowers executed the Deed of Trust in 2007, but did not transfer their interest to Plaintiff until 2014." He

---

\* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by special designation.

specifically pointed out that the Deed of Trust lays out the process by which the borrowers could have assigned their rights in the property to plaintiff, but that process, which requires that plaintiff be approved by the lender as a successor in interest, was not alleged or shown to have been followed. Having determined that plaintiff lacks standing to bring the claims asserted in his complaint, the magistrate judge concluded that the court lacks subject matter jurisdiction over the case. Without jurisdiction, the magistrate recommends that the court need not address defendants' other arguments for dismissal, nor plaintiff's arguments alleging wrongful foreclosure.

Plaintiff filed objections to the report and recommendation within the established time period and defendants filed a response to the objections. The objections consist of a single paragraph in which plaintiff states that he believes he does have Constitutional standing to bring his action, and that he is also a third-party beneficiary to the contract between the original parties.

In the report and recommendation, plaintiff was notified that, pursuant to *Thomas v. Arn*, 474 U.S. 140, 155 (1985), his failure to file specific objections to the report would constitute a waiver of his claims on appeal. "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). In this case, plaintiff simply states his belief that the magistrate judge's recommendation as to his lack of Constitutional and third-party beneficiary standing is wrong, without giving any legal arguments or pointing out the particular problems with the conclusion reached by the judge. Because plaintiff failed to file specific objections, he has waived appellate review of his arguments. See *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir.

- 2 -

Case 3:16-cv-00032   Document 42   Filed 07/19/17   Page 2 of 3 PageID #: 369

1995).

The court agrees with the analysis conducted by the magistrate judge, and therefore accepts his recommendation that plaintiff lacks standing and the court therefore lacks subject matter jurisdiction over the case. Now, therefore,

IT IS HEREBY ORDERED that defendants' motion for judgment on the pleadings is GRANTED.

IT IS HEREBY FURTHER ORDERED that plaintiff's motion to set aside foreclosure is DENIED.

IT IS HEREBY FURTHER ORDERED that plaintiff's complaint is DISMISSED with prejudice for failure to state a claim.

Dated: July 19, 2017

                                                  s/George Caram Steeh  
                                                  GEORGE CARAM STEEH  
                                                  UNITED STATES DISTRICT JUDGE  
                                                  SITTING BY SPECIAL DESIGNATION